# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | | |
|---|---|---|
| **TIQUA S. KINDELL** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Civil Action Number:** |
| | ) | |
| v. | ) | |
| | ) | |
| **CITY OF LINCOLN, ALABAMA** | ) | |
| **POLICE OFFICER EAST** | ) | |
| **[BADGE NO.# 508] in his official** | ) | |
| **and individual capacity, and POLICE** | ) | |
| **OFFICER GOODENOUGH** | ) | **Jury Trial Demanded** |
| **[BADGE NO.#520] in his individual and** | ) | |
| **official capacity,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT

**I.     INTRODUCTION**

1.     This is an action for money damages brought pursuant to 42 U.S.C. §§ 1983, 1985, and 1988, the Fourth and Fourteenth Amendments to the United States Constitution, and the laws of the State of Alabama against the following Defendants: the City of Lincoln, Alabama; Police Officer [FNU] East [Badge No.#508] in his official and individual capacity, and Police Officer Goodenough [Badge No.#520] in his official and individual capacity.[1]  Plaintiff's state law claims are brought pursuant to Ala. Code§ 6-5-370 for felonious injury as a result of Officer East's assault and battery of the Plaintiff and the City of Lincoln's negligent training and supervision of its police

---

[1] Fictitious-party pleading is allowed where it is clear that discovery will uncover the unnamed defendant's identity.  *Dean v. Barber,* 951 F.2d 1210, 1215-16 (11th Cir. 1992) (recognizing a limited exception to the prohibition against fictitious pleading when the plaintiff's description of the defendant is so specific as to be "at the very worst, surplusage."); *Gillespie v. Civiletti,* 629 F.2d 637, 642 (9th Cir. 1980)(allowing use of fictitious names unless "it is clear that discovery would not uncover the identities).

officers.  Plaintiff Tiqua S. Kindell demands a trial by struck jury.

## II.     JURISDICTION AND VENUE

2.      The jurisdiction of this Court is instituted and authorized pursuant to 28 U.S.C. § 1331 and 1343(a)4). Supplemental jurisdiction for the state law claims is invoked pursuant to 28 U.S.C. §1367.

3.      The Defendants are all located in the state of Alabama.  A substantial part of the unlawful acts alleged herein occurred in Talladega County, Alabama.  Upon information and belief, all of the individual Defendants reside in Talladega County, Alabama.  Thus, venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

## III.    PARTIES

4.      Tiqua S. Kindell ["Plaintiff" or "Kindell"] was at all material times relevant to this lawsuit was a resident of the City of Lincoln, Alabama, and over the age of nineteen.

5.      Defendant Officer East [Badge No.#508] was at all times relevant to this Complaint a duly appointed and acting officer of the police department of the City of Lincoln, acting under the color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of Alabama and/or the City of Lincoln.

6.      Defendant Officer Goodenough [Badge No.#520] was at all times relevant to this Complaint a duly appointed and acting officer of the police department of the City of Lincoln, acting under the color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of Alabama and/or the City of Lincoln.

7.      The City of Lincoln, Alabama is a municipal corporation and the public employer of Officers East and Goodenough.

**IV.  FACTS**

8. On November 10, 2024, at or around 10:30 p.m, Ms. Kindell left her residence headed to her daughter's friend's home to pick her up after discovering the child was missing.

9. Ms. Kindell's child was supposed to have come home by 10:00 p.m.

10. Amber Cote is the mother of Ms. Kindell's daughter's friend.

11. Upon her arrival at the Cote residence Ms. Kindell observed First Responders (Police Officers and Paramedics) present.

12. Ms. Kindell exited her vehicle and identified herself to the officers present and asked to see her daughter.

13. Officer Goodenough informed Ms. Kindell that an investigation was ongoing regarding allegations of abuse made by her daughter.

14. Ms. Kindell then placed a call to her children in Georgia and asked them to come to Alabama.

15. Officer East walked over to where Ms. Kindell was standing and asked her to stop yelling into her telephone.

16. Ms. Kindell responded that she was not yelling but was concerned about her daughter's status and condition.

17. Officer East then grabbed Ms. Kindell by her wrist and twisted her arm.

18. When she asked him why he was assaulting her, Officer East body slammed Ms. Kindell to the street breaking her leg.

19. During this encounter Ms. Kindell did not act in a threatening manner toward any Police Officer or First Responder.

20. Even though Ms. Kindell did not act in a threatening manner toward any Police Officer, Officer East detained and viciously assaulted her.

21. Also, several City of Lincoln Police Officers who were at the scene did nothing to prevent Officer East's unconstitutional detention and vicious assault of Ms. Kindell.

22. Ms. Kindell was told that she was being detained for disorderly conduct, and was then handcuffed for no apparent reason.

23. Ms. Kindell was not confrontational toward any Police Officer in any manner.

24. Moreover, Ms. Kindell obeyed all lawful commands by the City of Lincoln Police officers and complied with their requests.

25. Nevertheless, Officer East body slammed Ms. Kindell to the pavement.

26. Officer East acted with malicious purpose and with wanton and willful disregard for the rights and safety of Ms. Kindell and without probable cause that Ms. Kindell had committed any crime.

27. Officer East used excessive force on Ms. Kindell for no lawful reason and broke her leg.

28. There was no need for the application of force against Ms. Kindell as she was not resisting any lawful order given by Officer East so there was no relationship between the need and the amount of force used, she suffered a significant injury that required medical attention, and the force was applied in bad faith, with malice aforethought, and in a sadistic manner.

29. Ms. Kindell incurred significant medical and hospital bills as a result of Officer East's detention, assault and arrest of her.

30. Officer East's conduct was unlawful and excessive as there was no basis for any threat or any use of force as Ms. Kindell had committed no crime and not disobeyed or ignored any lawful order given by him.

31. Officer Goodenough had a duty to intervene when Officer East used excessive force against Ms. Kindell.

32. If a Police Officer, whether supervisory or not, fails or refuses to intervene when a constitutional violation such as an unprovoked beating takes place in his presence, the officer is directly liable under 42 U.S.C. § 1983.

33. An officer's duty to intervene is triggered when he sees a fellow officer use excessive force.

34. Officer Goodenough stood idly by while Officer East mistreated and bodyslammed Ms. Kindell, a member of the public.

35. Ms. Kindell alleges that Officer East, Officer Goodenouhg and the City of Lincoln, by and through its employees and agents, acted willfully, knowingly, and with specific intent to deprive her of rights secured by the Fourth and Fourteenth Amendments to the United States Constitution, including her right to be secure in her person, to due process of law, and to be free from the use of unreasonable and excessive force.

36. Officer East also acted with malicious and wanton disregard of the Constitutional rights of Ms. Kindell, including her right to be secure in her person and free from the use of unreasonable and excessive force.

37. Said unreasonable and excessive force was unwarranted, wholly unjustified, and shocking to the conscience in light of the fact that Ms. Kindell was not engaged in any criminal act or illegal conduct that would necessitate, warrant or justify the use of any force exercised by Officer East.

38. Said unreasonable and excessive force deprived Ms. Kindell of her right to due process of law, her right to be free from serious physical injury, and her right to be free from unjustified and excessive force.

39. Officers East and Goodenough violated the Fourth and Fourteenth Amendment, 42 U.S.C. § 1983 and 42 U.S.C. § 1985.

40. Ms. Kindell alleges that the City of Lincoln, by and through its employees, servants, and agents was negligent, grossly negligent, and wanton in the training and supervision of Officers East and Goodenough in responding to domestic calls, arrest procedure and comprehensive training and supervision in the appropriate use of force.

41. Said training and supervision is an obvious need for any city police officer who is empowered to exercise force in the carrying out of his official duties.

42. The City of Lincoln's failure to provide appropriate training and supervision in the appropriate use of force constitutes deliberate indifference towards the rights of its citizens and, more specifically, the rights of Tiqua S. Kindell.

43. As a proximate consequence of the City of Lincoln's failure to properly train and supervise its police officers and, more specifically, Officers East and Goodenough, Ms. Kindell was deprived of her rights secured by the Fourth and Fourteenth Amendments to the United States Constitution, including her right to due process of law, to be secure in her person, and to be free

from the use of unreasonable and excessive force.

44. The City of Lincoln's deprivation of Ms. Kindell's rights as listed above constitute violations of the Fourth and Fourteenth Amendments to the United States Constitution, 42 U.S.C. § 1983 and 42 U.S.C. § 1985.

**V.    COUNTS**

### COUNT I

**Constitutional Violations Pursuant to 42 U.S.C. §§ 1983, 1985, and 1988 Against Officer East and Officer Goodenough In Their Individual and Official Capacities**

45. The Plaintiff re-alleges and incorporates by reference the above paragraphs with the same force and effect as if fully set out in specific detail herein below.

46. Defendants, Officer East and Officer Goodenough, violated the Plaintiff's rights under the Fourth and Fourteenth Amendments to be free from excessive force, assault and battery, false arrest, and denial of due process.

47. Wherefore, Plaintiff Tiqua S. Kindell claims damages for the injuries set forth above under 42 U.S.C. §§ 1983, 1985 and 1988 against Defendant Officer East for violation of her constitutional rights under color of law in the sum of $750,000.00 or as the evidence may show.

48. Wherefore, Plaintiff Tiqua S. Kindell claims damages for the injuries set forth above under 42 U.S.C. §§ 1983, 1985 and 1988 against Defendant Officer Goodenought for violation of her constitutional rights under color of law in the sum of $500,000.00 or as the evidence may show.

## COUNT II

### Violation of Civil Rights While Acting Under The Color of Law
### 42 U.S.C. § 1983 Against Defendant City of Lincoln

49. The Plaintiff re-alleges and incorporates by reference the above paragraphs with the same force and effect as if fully set out in specific detail herein below.

50. This count is brought by Plaintiff, against Defendant City of Lincoln, for deprivation by its agents, servants, or employees, of constitutional rights within the meaning of 42 U.S.C. § 1983.

51. Defendant Officer East while acting under the color of law, as an authorized agent of Defendant City of Lincoln, did intentionally and deliberately assault and batter the Plaintiff and caused her to be falsely arrested causing a constitutional deprivation of her right to be free from punishment and to due process of law by the Fourteenth Amendment to the United States Constitution.

52. Defendant City of Lincoln violated Plaintiff's Fourteenth amendment substantive due process right by failing to adequately train its officers to not assault and batter citizens.

53. The constitutional deprivation was caused by Defendant City of Lincoln's lack of adequate training and supervision in regards to police officers having the ability to appropriately interact with citizens without causing the deprivation of constitutional rights.

54. As a direct and proximate result of the above mentioned unconstitutional actions of Defendant City of Lincoln, Ms. Kindell sustained severe physical injury causing pain and suffering.

55. Wherefore, Plaintiff Tiqua S. Kindell claims damages for the injuries set forth above under 42 U.S.C. § 1983 against Defendant City of Lincoln for violation of her constitutional rights under color of law in the sum of $1,000,000.00 or as the evidence may show.

## COUNT III

### Negligent Training, Against the City of Lincoln

56. The Plaintiff re-alleges and incorporates by reference the above paragraphs with the same force and effect as if fully set out in specific detail herein below.

57. Defendant City of Lincoln had a duty to properly train its police officers in the proper treatment of its citizens.

58. Defendant City of Lincoln negligently or wantonly failed to adequately train its personnel as stated above.

59. Defendant City of Lincoln consciously failed to properly train its personnel in the appropriate use of force and lawful arrests.

60. Defendant City of Lincoln also knew that, by failing to properly train its officers in the appropriate use of force and lawful arrests, injury would likely or probably result.

61. This failure proximately caused great physical injury to Plaintiff.

62. Wherefore, Plaintiff claims damages for the injuries set forth above for negligent training for the sum of $1,000,000.00 or as the evidence may show.

## COUNT IV

### Negligent Supervision Against the City of Lincoln

63. The Plaintiff re-alleges and incorporates by reference the above paragraphs with the same force and effect as if fully set out in specific detail herein below.

64. Defendant City of Lincoln had a duty to properly supervise its police officers in the proper treatment of its citizens.

65. Defendant City of Lincoln negligently or wantonly failed to adequately supervise its personnel as stated above.

66. Defendant City of Lincoln consciously failed to properly supervise its personnel in the appropriate use of force and lawful arrests.

67. Defendant City of Lincoln also knew that, from failing to properly supervise its officers, injury would likely or probably result.

68. This failure proximately caused great physical injury to Plaintiff.

69. Wherefore, Plaintiff claims damages for the injuries set forth above for negligent supervision for the sum of $1,000,000.00 or as the evidence may show.

## Count V

### Assault and Battery Against Individual Defendant Officer East

70. The Plaintiff re-alleges and incorporates by reference the above paragraphs with the same force and effect as if fully set out in specific detail herein below.

71. Defendant Officer East assaulted and battered Tiqua S. Kindell.

72. As a result of this assault and battery, Plaintiff Tiqua S. Kindell suffered damages.

73. Wherefore, Plaintiff claims damages for the injuries she sustained as set forth above for assault and battery in the sum of $1,000,000.00 or as the evidence may show.

**VI.   PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff requests that this Court:

1. Award compensatory damages to the Plaintiff against the Defendants, jointly and severally;

2. Award costs of this action to the Plaintiff;

3.	Award reasonable attorney's fees and costs to the Plaintiff on Counts I through V of the Complaint;

4.	Issue an Order requiring the Defendants to initiate and implement programs that: (a) provide training for employees on the subject of how to treat pre-trial detainees; (b) remedy the effects of the Defendants' past and present unlawful practices; and (c) eliminate the continuing effects of the practices described above;

5.	Issue an Order requiring the Defendants to make the Plaintiff whole by awarding nominal, compensatory damages and punitive damages.

6.	An award of litigation costs and expenses, including reasonable attorneys' fees under 42 U.S.C. § 1988 to the Plaintiff.

7.	Such other and further relief as the Court may deem just and proper.

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY**

Respectfully Submitted,

_____
*/s/Roderick T. Cooks*
Roderick T. Cooks
Lee D. Winston
Attorneys for the Plaintiff

**OF COUNSEL:**
WINSTON COOKS, LLC
420 20th Street North
Suite 2200
Birmingham, AL 35203
Tel:	(205) 482-5174
Tel:	(205) 482-3551
Fax:	(205) 278-5876
email: lwinston@winstoncooks.com
email: rcooks@winstoncooks.com

**PLAINTIFF'S ADDRESS:**
Tiqua S. Kindell
c/o WINSTON COOKS, LLC
420 20th Street North
Suite 2200
Birmingham, AL 35203
Tel:	(205) 482-5174
Tel:	(205) 482-3551
Fax:	(205) 278-5876
email: lwinston@winstoncooks.com
email: rcooks@winstoncooks.com

**DEFENDANT'S ADDRESS:**
Laura S. Carmack, City Clerk
City of Lincoln
P. O. Box 172
150 Magnolia Street
Lincoln, Alabama 35096
Telephone:	205-763-7777
Telephone:	205-763-4001